448 P.2d 347

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,**

**v.**

**Kenneth N. SILLIMAN, Executor of the Estate of B. J. Silliman, Deceased, Defendant and Respondent.**

No. 11301.

Supreme Court of Utah.

Dec. 4, 1968.

Phil L. Hansen, Atty. Gen., Tom G. Platis, Asst. Atty. Gen., Salt Lake City, for appellant.

Boyd Bunnell, Price, for respondent.

ELLETT, Justice:

This is an appeal by the State of Utah from a jury verdict awarding damages to the landowner in a condemnation proceeding. The only issue tried was the value of the land taken and the severance damages, if any, to the remaining land by reason of the taking.

Section 78-34-10, U.C.A.1953, sets out the manner of arriving at just compensation to be paid to the landowner when his land is taken for a public purpose. That section so far as material reads:

(1) The value of the property sought to be condemned and all improvements thereon appertaining to the realty, and of each and every separate estate or interest therein; and if it consists of different parcels, the value of each parcel and of each estate or interest therein shall be separately assesed.

(2) If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvement in the manner proposed by the plaintiff.

\*     \*     \*     \*     \*     \*

(4) Separately, how much the portion not sought to be condemned, and each estate or interest therein, will be benefited, if at all, by the construction of the improvement proposed by the plaintiff. If the benefit shall be equal to the damages assessed under subdivision (2) of this section, the owner of the parcel shall be allowed no compensation except the value of the portion taken; but if the benefit shall be less than the damages so assessed, the former shall be deducted from the latter, and the remainder shall be the only damages allowed in addition to the value of the portion taken.

(5) As far as practicable compensation must be assessed for each source of damages separately.

The State assigns a number of errors, including the denial by the trial court of a motion to strike the testimony of expert witnesses for the landowner and of its motion for a new trial.

■ The qualification of an expert witness is to be determined by the trial judge, and if he determines that a witness by reason of training and experience can assist the jury by giving an opinion on a matter properly before the court, we on appeal should not hold that testimony should be stricken unless such palpable ignorance of the subject matter is manifested by the witness as to indicate an abuse of discretion on the part of the trial judge in allow-

ing the witness to express an opinion in the first place or in refusing to grant a motion to strike after it is given.

While we cannot say that the trial judge was compelled to strike the testimony of the three witnesses for the landowner, we certainly can appreciate the qualms which counsel for the State must have had at the time he made the motion.

All three witnesses testified that severance damages were exactly $12,487.50. One witness did not have a clear understanding of what was meant by the term "fair market value." (It should be noted, however, that counsel never asked the trial judge to explain the term to the witness.) Another witness thought the total value of the land before the taking was $50,000, yet he testified that the severance damages plus the value of the land actually taken

amounted to over $65,000. The third witness thought there was some advantage to the remaining land by reason of the construction of the freeway, but he did not know how much advantage there was, and so he never deducted anything from the severance damages which he believed were occasioned by the construction of the freeway.

■ Since no error is assigned as to the instructions given, we must assume that the court properly instructed the jury as to the law of the case, but let us look at the verdict and the evidence upon which it was based to see if the verdict can be allowed to stand.

There were five witnesses who testified as to value, and the substance of their testimony is set out below:

a. Silliman (for the landowner)
1. Land taken — $53,169.20
2. Severance damage to remaining property — $12,487.50
3. Total opinion — $65,656.70

b. Hammond (for the landowner)
1. Land taken — $41,747.20
2. Severance damage to remaining property — $12,487.50
3. Total opinion — $54,234.70

c. Leavitt (for the landowner)
1. Land taken — $41,747.20
2. Severance damage to remaining property — $12,487.50
3. Total opinion — $54,234.70

d. Cain (for the State)
1. Land taken — $ 6,296.50
2. Severance damage to remaining property — None
3. Total opinion — $ 6,296.50

e. Adams (for the State)
   1. Land taken — $ 4,277.80
   2. Severance damage to remaining property — $ 1,685.00

   3. Total opinion — $ 5,962.80

In this case, as in most others involving the taking of land, the claim is made that the best land is that which is taken. Here the land remaining was fit only for grazing. Counsel for the landowner summed it up in his address to the jury in the following words:

Again we are nearly—all of this land that was left, in fact our appraisers and the State's appraisers all agree it is range land that is left, because they have taken everything that had any proximity to Green River City and the railroad and the highway. That has all been taken. So that is out now. So we are just talking about range land is all we are talking about from now on.

Let us investigate the verdict. The State took 212.15 acres of land outright for the freeway, and took an easement of 7.1 acres for drainage purposes which all parties concede to be a taking for all practical purposes. That would be 219.25 acres taken for which the jury allowed $6,296.50. That figures to be less than $29 per acre for the land actually taken. For the remaining 390.21 acres of grazing land not taken, the jury awarded severance damages in the amount of $15,023.50, or more than $38 per acre.

The trial judge realized that the amount of severance damages awarded exceeded the highest figure of any witness, so he reduced the figure to $12,487.50, the amount testified to by all three witnesses for the landowner. Even after this reduction the severance damages to the grazing land not taken amounted to $32 per acre, which is three dollars per acre more than the jury had fixed as the value of the better land taken.

This court in the case of Pauly v. McCarthy, 109 Utah 431, 184 P.2d 123 (1947), said at pages 436 and 437 of the Utah Reports, 184 P.2d at page 126:

Where we can say, as a matter of law, that the verdict was so excessive as to appear to have been given under the influence of passion or prejudice, and the trial court abused its discretion or acted arbitrarily or capriciously in denying a motion for new trial, we may order the verdict set aside and a new trial granted. [Citation omitted.] But mere ex-

cessiveness of a verdict, without more, does not *necessarily* show that the verdict was arrived at by passion or prejudice. [Citation omitted.] *It is true that the verdict might be so grossly excessive and disproportionate to the injury that we could say from that fact alone that as a matter of law the verdict must have been arrived at by passion or prejudice.* [Emphasis added.] But the facts must be such that the excess can be determined as a matter of law, or the verdict must be so excessive as to be shocking to one's conscience and to clearly indicate passion, prejudice, or corruption) on the part of the jury. [Citations omitted.]

The instant case is a good illustration of the principle that the verdict cannot stand when it clearly shows that it was given either under the influence of passion and prejudice or under a lack of understanding of the law as it applies to severance damages.

The trial court abused its discretion in not granting a new trial. The judgment of the trial court is reversed. The verdict of the jury is set aside, and the case is remanded for new trial. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.