448 P.2d 720

STATE of Utah, Plaintiff and Respondent,

v.

Harry HANSEN, Defendant and Appellant.

No. 11214.

Supreme Court of Utah.

Dec. 11, 1968.

Hatch & McRae, Sumner J. Hatch, Salt Lake City, for appellant.

Phil L. Hansen, Atty Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice:

Defendant appeals from his conviction for issuing a check against insufficient funds in the District Court in and for Weber County. He was sentenced for the statutory term of a period not to exceed five years in the Utah State Penitentiary.

Defendant, who testified in his own behalf, alleges that the trial court committed prejudicial error by permitting the prosecutor to pursue a line of questioning over defense counsel's objections. Specifically, defendant contends that it constituted prejudicial error as well as misconduct on the part of the prosecutor to elicit information that indicated that defendant had been incarcerated in the State Penitentiary, since the entire line of questioning was calculated to degrade his character and prejudice the jury. At trial, defense counsel further objected to inquiries by the prosecutor as to the number and nature of defendant's prior convictions for felonies.

■ Defendant further alleges that a precautionary instruction given by the court immediately after defendant's testimonial examination accentuated the harm. This matter may not be considered on appeal since defense counsel took no exceptions to the jury instructions and declined the court's proffer of further cautionary instructions on the ground that it would only compound the error.

Defendant contends that the central issue of his case was whether or not there was an agreement by an agent of the payee to hold defendant's check, and the court by allowing the prosecutor to impeach the defendant beyond the limits allowed by the law prejudiced his case.

Section 77-44-5, U.C.A.1953 provides:

If a defendant offers himself as a witness, he may be cross-examined by

the counsel for the state the same as any other witness \* \* .\*.

Section 78–24–9, U.C.A.1953 provides:

A witness must answer questions legal and pertinent to the matter in issue, \* \* \* but he need not give an answer which will have a tendency to subject him to punishment for a felony; nor need he give an answer which will have a direct tendency to degrade his character, unless it is the very fact in issue or to a fact from which the fact in issue would be presumed. But a witness must answer as to the fact of his previous conviction of felony.

Appellant contends that under Section 78–24–9, U.C.A.1953 the State is limited to an inquiry as to whether the defendant has been convicted of a felony and the nature thereof.

\* \* \* When an accused voluntarily takes the witness stand he may be asked whether or not he has ever been convicted of a felony. \* \* \* If the accused answers in the affirmative, he may be asked the nature of the felony. Further, the accused may be asked if he has been convicted of more than one felony, and if so, the type or nature thereof.

The apparent purpose and reason for permitting the prosecution to question the accused regarding prior *felony convictions* is to affect his credibility as a witness. However, the details or circumstances surrounding the felony or felonies for which the accused was convicted may not be inquired into except under unusual circumstances, when the inquiry would tend to show a scheme, plan, modus operandi, or the like.[1] \* \* \* (Emphasis ours.)

However, there is one other aspect which must be considered in addition to the aforementioned rules.

Where the defendant in a criminal case testifies as a witness, his veracity and credibility may be tested by cross-examination as other witnesses may be tested. The accused may be cross-examined for the purpose of impeaching his testimony, for his credibility is in issue when he offers himself as a witness, and this is true regardless of the rule adopted in regard to his cross-examination as to matters not covered by his direct examination. \* \* \*[2]

In the instant action, during his direct examination, defendant testified that he had lived at a specific address in Brigham City, Utah, since 1964. During cross-examination, the prosecutor inquired whether he had lived there from September, 1965;

1. State v. Kazda, 14 Utah 2d 266, 268–269, 382 P.2d 407, 409 (1963); also see State v. Dickson, 12 Utah 2d 8, 361 P. 2d 412 (1961).

2. 58 Am.Jur., Witnesses, § 687, p. 373.

to April, 1966. Defendant responded no. The prosecutor then asked where he lived then, and defendant replied that he was in the State Prison.

The cross-examination did not go beyond the general scope of matters covered by the direct examination. A survey of the direct examination reveals defendant as a father, a husband, an owner of a substantial equity in two homes, and an experienced businessman confronted with temporary financial difficulties. The obvious purpose of the revelation of these facts was to create an impression with the jury that he was a man of substance, who would not issue an insufficient funds check.

On cross-examination the prosecution had the right to elicit anything which would tend not only to contradict the evidence adduced on direct examination, but which would tend to weaken or modify its effect. To hold otherwise than that the ruling of the court was correct would amount to too narrow a construction of the scope of the direct examination.[3]

■■ The trial court properly overruled defense counsel's objections to the prosecutor's questions as to the nature and number of defendant's previous felony convictions. The testimony concerning defendant's incarceration was properly elicited on cross examination as being within the scope of his direct examination. The judgment of the trial court is affirmed.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

3. People v. Zammora, 66 Cal.App.2d 166, 152 P.2d 180, 204 (1944).