467 P.2d 420

**STATE of Utah, By and Through its ROAD COMMISSION, Plaintiff and Appellant,**

v.

**Ivor D. JONES and Rua C. Jones, his wife, and State Bank of Southern Utah, Defendants and Respondents.**

**No. 11801.**

Supreme Court of Utah.

April 3, 1970.

---

3. Williams was struck by a driver who ran a red light and Bjorkman was struck by a driver making an illegal left turn.

Ellett, J., dissented.

---

Patrick H. Fenton, Sp. Asst. Atty. Gen., Cedar City, for appellant.

Cline, Jackson & Jackson, Milford, for respondents.

TUCKETT, Justice:

The State of Utah commenced these proceedings for the purpose of acquiring a portion of defendants' property to be used for highway purposes in the construction of a segment of Interstate 15 in Iron County, Utah. After the jury had returned its verdict which fixed the value of the property taken and the damage accruing to the remaining tracts by reason of the severance, the State moved the court for a judgment notwithstanding the verdict, or in the alternative, for a new trial. From an adverse decision the plaintiff has appealed.

The defendants were the owners of a tract of land comprising more than 700 acres some miles north of Cedar City, Utah. The southeastern portion of the tract was bisected by U. S. Highway 91 which traversed it in a northeasterly-southwesterly direction. That portion of the tract which is being condemned in these proceedings for the construction of Highway I–15 lies to the southeast of U. S. Highway 91 and runs in the same general direction. The State is taking a total of 35.96 acres for highway purposes, leaving 37.45 acres in irregular shaped parcels, severed and damaged by reason of the construction of the highway. The defendants do not contend that the portion of their lands lying to the north and west of U. S. Highway 91 was affected by or damaged by the construction of Highway I–15.

In addition to the defendant, Ivor D. Jones, one expert on real estate values was called as a witness by the defendants and one witness was called by the State as an expert witness. As is frequently the case, there was a wide conflict in the testimony of the witnesses as to the reasonable market value of land taken and the damage to the remaining tracts by reason

of their severance. Defendants' expert valued all of the defendants' land on the southeast side of U. S. Highway 91 at $1,490 per acre, including that taken by the State, and the severance damage to the 37.45 acres remaining at an average of $1,104.58 per acre. The expert called by the State valued the defendants' land lying to the southeast of U. S. Highway 91 at $55 per acre for that portion which had been broken up and reseeded and $28 per acre for the portion in its native state. The State's expert testified that the land severed by reason of the construction of the highway was damaged to the extent of 50% of its value.

The jury returned a verdict in the sum of $3,121.30 as compensation for the property taken by the State and $10,800 as severance damage to the remaining tracts.

After a hearing on the State's motion for a judgment notwithstanding the verdict, or for a new trial, the court found that the verdict had not been based properly upon the evidence in the case, and that the jury's award of severance damage was excessive. The court made an order reducing the entire amount of the verdict to the sum of $8,000, and in the event that the defendants objected to the reduction, a new trial would be had. The defendants did not object to the reduction.

Prior to the initiation of these proceedings the defendants had subdivided those portions of their tract of land on either side of U. S. Highway 91. The subdivision had been laid out and surveyed and the plat thereof had been approved by the Board of County Commissioners of Iron County. After learning of the proposed highway improvement and the location thereof the landowners took no further steps to develop the subdivision on that part of their land which would be affected by the new highway. It would appear that after the building of the highway which severed the defendants' land lying southeast of U. S. Highway 91, it was not feasible thereafter to further develop a subdivision at that location. However, a subdivision was developed by the defendants and others on that portion of the defendants' tract which was located to the northwest of U. S. Highway 91. Prior to trial a number of lots had been sold in that area.

The appraiser called by the State as its expert witness on values was of the opinion that the highest and best use of the defendants' land affected by the highway improvement was for grazing purposes. The witness based his opinion as to the market value and severance damage upon that classification. The appraiser called by the defendants considered that the highest and best use of the defendants' land affected by the highway improvement was that of rural homesites. The defendants' appraiser arrived at his estimate of market value after taking into consideration the

cost a developer would have in constructing roadways, a water system and other utilities.

■ The State here contends that the trial court erred in admitting the testimony of the defendants' expert on the ground that the subdivision insofar as it was affected by the highway improvement had not been developed beyond the mapping and platting stage. Counsel for the State cites the case of State of Utah v. Tedesco [1] in support of his contention. The State's contention here is not well taken inasmuch as in this case various costs of developing the subdivision were taken into account by the expert in arriving at his estimate of market value.

■ As a second assignment of error, and as a grounds for reversal the State contends that the jury was confused. We have no way of determining that question except to take at face value plaintiff's statement that it had probably contributed to the confusion. The trial court was of the opinion that the jury misapplied the evidence, and based upon that assumption, the court granted a remittitur in the sum of $5,921.30. The reduction having been accepted by the defendants, we are of the opinion that any error which arose from the jury's miscalculation was cured.

We are of the opinion that the State's request for a reduction to the sum of $2,400

or for a new trial should be denied, and it is so ordered. No costs are awarded.

CROCKETT, C. J., and CALLISTER, J., concur.

HENRIOD, Justice (concurring):

I concur. In doing so, I do not believe that State By and Through Road Comm. v. Silliman, cited in the dissent, is apropos in this case. Apparently counsel for both sides shared such disbelief, since it was cited in neither brief. It simply stated that under the facts of that case, the verdict was pregnant with passion and prejudice. In the instant case, counsel for the State's Point II on appeal simply observed that "The jury was entirely confused," not because of passion and prejudice, apparently, but because the veniremen happened to be venirewomen. This writer, through fear, hesitates to indulge in any personal commitment as to the accuracy of the State's suggestion. At any rate, in the Silliman case, there was an award of severance damages which exceeded the testimony of *any* witness,—which is not the case here, where at least one witness testified that the severed land had a value in excess of that found by both the judge and jury.

ELLETT, Justice (dissenting).

I dissent.

1. 4 Utah 2d 248, 291 P.2d 1028.

The trial judge undertook to correct an obvious error and in doing so stated his reasons as follows:

4. The landowner, Ivor D. Jones, testified he valued all of his land on the southeast side of U. S. 91 at $1,500.00 per acre, including the 35.96 acres taken, and the severance damages to the 37.45 acres remaining at an average of $1,115.-70 per acre or just over 74 per cent of his $1,500.00 per acre valuation.

5. The defendants' expert witness, Mr. Marcellus Palmer valued all of defendants' land on the southeast side of U. S. 91 at $1,490.00 per acre, including that taken by the State, and the severance damages to the 37.45 acres remaining at an average of $1,104.58 per acre, also just over 74 per cent of his $1,490.00 per acre valuation.

6. The only other witness as to valuation was the State's expert, Mr. Ken Esplin, who valued the defendants' land southeast of U. S. 91 at $55.00 per acre for that portion broken up and $28.00 per acre for the native brush land. He placed his severance damages at $27.50 and $14.00 per acre respectively or exactly 50 per cent on the remainder land.

7. The jury, which consisted of eight women, returned a verdict of $3,121.30 for the property taken and $10,800 for severance damages. This was computed at $86.80 per acre for the 35.96 acres of property taken but $288.38 per acre as severance damages to the 37.45 acres of property remaining. The $288.38 per acre severance damages to the property is 332 + per cent of the $86.80 per acre valuation of the property actually taken.

\* \* \* \* \* \*

11. The Court is of the opinion that the jury verdict was not based properly on the evidence in the case, and that the jury's award of severance damages in the amount they did, was grossly excessive.

Nowhere in the record can evidence be found that the land not taken was worth more than 75 per cent of the land actually taken. It would therefore be improper to allow as severance damages a greater amount per acre than the land was worth. This precise matter was before this court recently in the case of State By and Through Road Comm. v. Silliman, 22 Utah 2d 33, 448 P.2d 347, wherein we held:

The instant case is a good illustration of the principle that the verdict cannot stand when it clearly shows that it was given either under the influence of passion and prejudice or under a lack of understanding of the law as it applies to severance damages.

In the instant case the jury found the market value of the land taken to be $3,121.30 or some $87 per acre, while it awarded as damages for the land not taken the sum of $10,801 or at the rate of $288 per acre. The trial judge was aware of the fact that the jury had awarded three and one-third times the value of the land as its severance damage; and after stating the fact that the verdict was not based upon the evidence and that the severance damage was grossly excessive, he substituted his own verdict for that of the jury.

He apparently thought that the value of the land taken was properly assessed and so the diminution of some $5,921.30 was a result of the excessive severance damages. He thus found that amount to be $4,878.70 which still figures at the rate of $130 per acre—some one and one-half times the value of the land.

These parties to this lawsuit have a right to a jury trial. When the trial judge became convinced that the verdict rendered was not based on the evidence, he should have set it aside and granted a new trial, rather than make a verdict of his own. And even if he had the right to render his own verdict, then he must be reversed because he awarded more for severance damage than the land was worth, and under the Silliman case, above, he cannot do this.

I would reverse the case and remand it for a new trial.