The STATE of Utah, Plaintiff and Respondent.

v.

Vera MASON, Defendant and Appellant.

No. 13642.

Supreme Court of Utah.

Jan. 7, 1975.

Galen J. Ross, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant Vera Mason appeals from her conviction by a jury of third-degree theft, a felony, for stealing a cash register from Harold A. Lindsey's service station at Fifth North and Third West on the 18th day of September, 1973. The evidence shows that she committed the crime with the assistance of an accomplice, one Melvin J. Thomas, who engaged the attention of Mr. Lindsey while the theft was being carried out.

Two principal errors are assigned: In improperly allowing cross-examination of defendant concerning narcotic drugs; and in permitting a police officer to testify to the effects thereof.

The first charge of error stems from the following occurrence during the trial. She testified on her own behalf and she was cross-examined:[1]

Q. Mrs. Mason, are you now under the influence of any drugs?

DEFENDANT'S COUNSEL: I will object to the question. I don't see the relevancy.

PROSECUTOR: I feel it goes to her credibility, Your Honor.

THE COURT: You may answer.

A. Somewhat, yes.

1. Sec. 77–44–5, U.C.A.1953, provides that a defendant may be cross-examined the same as any other witness and credibility impeached by the same methods.

Q. By "somewhat", would you tell us when you last took a drug and what it was?

A. About, let's see, about 8:30 this morning.

Q. What did you take at 8:30 this morning?

A. Heroin.

Q. Heroin?

A. Yes.

Q. Mrs. Mason are you a heroin addict?

DEFENDANT'S COUNSEL: I object to the question. I don't think she would even know whether she was or not.

THE COURT: I sustain that objection.

Q. How much heroin did you take?

DEFENDANT'S COUNSEL: I object. I don't see the relativity.

THE COURT: Overruled. How much?

A. About two ten-dollar caps.

THE COURT: Two what?

THE WITNESS: Ten-dollar balloons.

Q. Two ten-dollar balloons.

A. Yes.

Q. Do you consider youself now as being under full control of your faculties?

A. Yes.

Q. Are you high?

A. No, I'm not.

■ We acknowledge our agreement with certain principles advocated by the defendant: that the issue should be whether the defendant is guilty of the specific offense charged; and that evidence of other crimes or criminal conduct should not be brought in for the purpose of disgracing her or of showing a propensity to commit crime, but the other side of the coin is that if there is some legitimate purpose to be served by evidence which is otherwise competent and relevant, the fact that it may also show the admission of another crime will not render it inadmissible.[2]

■ It is not to be doubted that the use of heroin, a proscribed drug,[3] has such implications relating to morality and legality of conduct, that it may have a substantial prejudicial effect with the jury. Nevertheless, quite independent of that fact, it is within the scope of cross-examination of a witness to inquire as to anything which may reasonably be regarded as affecting the accuracy or credibility of his testimony. This includes matters which would test his ability to observe and understand, or his memory, or his capacity to adequately relate his knowledge of the facts. In pursuing these matters it is permissible to inquire concerning anything that is particularly noticeable about the witness's physical or mental condition. For example, that he may appear to have impaired hearing, or eyesight, or that he may be overtired, or ill, or any other such noticeable condition which fair and reasonable persons might take into account in evaluating the testimony. On the same basis and for the same reasons this includes the appearance of being intoxicated, or under the influence of drugs.[4]

■ It is noteworthy that the trial judge appears to have handled this rather difficult situation, which appears to have arisen spontaneously, competently and fairly. He explained to the jury that the only charge against the defendant was theft; and that any evidence pertaining to the use of heroin had had nothing to do with her guilt or innocence of that charge; that they

2. 1 Wharton's Criminal Evidence, Secs. 233, et seq. (12th Ed.1955) ; State v. Dickson, 12 Utah 2d 8, 361 P.2d 412.

3. Sec. 58–37–8, U.C.A.1953.

4. State v. Belote, 213 Kan. 291, 516 P.2d 159; United States v. Fowler, 151 U.S.App. D.C. 79, 465 F.2d 664; State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965); People v. Perez, 239 Cal.App.2d 1, 48 Cal.Rptr. 596; Wilson v. United States, 232 U.S. 563, 34 S.Ct. 347, 58 L.Ed. 728; Rule 20, Utah Rules of Evidence; and see Annotation, 52 A.L.R.2d 848.

should not "indulge any bias or prejudice against her because of the use of heroin"; and that that testimony had been admitted "for one purpose only, and that purpose is for you to try to determine her mental condition at the time she testifies . . . [so] you can properly evaluate her testimony."

■■ Defendant's second charge of error is that it was improper to allow Officer David W. King to testify as to the probable effects of the drugs she admitted using. The effects of the use of "two ten-dollar caps" of heroin about seven hours before testifying is something about which a lay person may need some expert help. The trial judge was of that opinion. Officer King testified that he had been working in a special assignment in narcotics and drugs for two and a half years. He had attended the Maryland State Narcotic Seminar; and had had the course on drugs given in the Utah State Police Academy. The trial judge passed upon the qualifications of the witness, and the propriety of his testimony, as was his prerogative. The standard rule is that with respect to such matters the trial court has considerable latitude of discretion; and the testimony will not be ruled incompetent in the absence of a clear abuse thereof.[5]

The defendant having failed to demonstrate any prejudicial error, her conviction is affirmed. No costs awarded.

CALLISTER, C. J., and ELLETT, J., concur.

TUCKETT, Justice (dissenting).

I dissent. During the course of the defendant's testimony the prosecutor cross-examined her concerning whether or not she was under the influence of drugs. The cross-examination was in substance as follows: Are you now under the influence of any drugs? The defendant responded, "Somewhat, yes." The defendant further testified that she had taken two caps of heroin at 8:30 a.m. The court inquired,

"Are you now under some influence from it?" The defendant's answer was, "Well, somewhat. It's mostly worn off. It's not —it's mostly gone out. I'm not high or anything from the effect of it." It was proper to question the defendant as to her being under the influence as it went to her ability to remember and to relate the facts to which she was testifying. The state also called a police officer who testified that he had had two and one-half years experience in drug investigations, one of which was doing under-cover work. The officer also testified that he had been to a narcotics school, to a narcotics seminar and to the police school of narcotics investigations. Over the objection of the defense counsel, the officer was permitted to testify as to the effect a similar amount of heroin as was taken by the defendant would have upon a normal person. The officer also testified that one who was accustomed to taking two caps of heroin at 8:30 a.m. would be wanting more at approximately 4:00 p.m. He also testified that such a person would not be extremely high. There is nothing in the record to show that the defendant was a normal person nor is there anything to show the extent of the defendant's addiction. There is nothing to show that the officer made any observations of the defendant during her testimony, nor is it shown that he had sufficient expertise to determine to what extent defendant was under the influence of the drug by a casual observation of the defendant in the courtroom or elsewhere. The officer's testimony in this regard did not show nor tend to show guilt or innocence of the defendant, nor did it tend to contradict the defendant's testimony. I am of the opinion that this testimony was unsupported by a proper foundation and that it was immaterial and in my opinion prejudicial. I would reverse and remand the case for a new trial.

HENRIOD, J., concurs in the views expressed in the dissenting opinion of TUCKETT, J.

5. Road Commission v. Silliman, 22 Utah 2d 33, 448 P.2d 347; Stagmeyer v. Leatham Bros., Inc., 20 Utah 2d 421, 439 P.2d 279.