The STATE of Utah, Plaintiff and Respondent,

v.

James GREEN, Defendant and Appellant.

No. 14435.

Supreme Court of Utah.

April 12, 1978.

3. U.C.A., 1953, 35-1-84, enacted by Ch. 156, Sec. 10, Laws of Utah, 1977.

Michael W. Jaenish and Raymond S. Shuey of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendant James Green appeals from two separate jury verdicts returned in a combined trial of two charges against him of selling narcotic drugs.[1] He contends that the court committed reversible error in admitting evidence concerning previous sales of heroin, for one of which he had been charged but not yet tried.

On August 3, 1975, about noon, Officers Mike Roberts and Jerry Mendez and Sandy Ellison, after appropriate preliminary preparations, furnished an undercover agent, Denise Giersz, with $10, drove her to the defendant's home in Salt Lake City, and observed as she entered the defendant's home. Therein, she gave the defendant the money for a small balloon containing heroin, which she placed in her mouth. Ms. Giersz then returned to Officer Roberts' car.

Later that day, about 4:30 p. m., the above procedure was repeated. Ms. Giersz was given $50, again taken to the defendant's home and the defendant sold her a second balloon containing a larger quantity of heroin.

During the trial, the defendant testified that he did not see Ms. Giersz on August 3, the day of the two sales. On cross-examination, he testified that he had never sold any narcotics to her. Furthermore, although he admitted having seen her August 1, he stated he had not seen her since then; and that he did not leave his home from that time until after August 3 because he had a cold. On rebuttal, over defendant's objection, Ms. Giersz described a sale which defendant made to her on August 2 at a hotel room which he maintained in the vicinity of Fifth West and Second South; and also testified that the defendant had often sold her drugs in the past.

Defendant's argument is that the testimony just recited related to a third charge of selling narcotics, which was not then before the jury; that it went "beyond the purposes of rebuttal"; and that it was "used for an improper purpose" of attempting to disgrace the defendant in the eyes of the jury and show his propensity to commit crime.

In connection with overruling the defendant's objection, which we think was proper, as explained below, the trial court took the precaution of admonishing the jury that they were only concerned with the defendant's guilt or innocence of selling narcotics on the two charges for which he was being tried, and that any other such evidence should be considered only as it may bear on the relationship of the parties and the credibility of the testimony.

■ Defendant is correct in his averment that evidence which shows or tends to show the defendant committed a crime other than the one for which he is being tried is, as a general rule, not admissible.[2] The reasoning is that in the interest of justice the defendant is entitled to be tried on the merits of the charge against him, and without having any prejudice aroused by attempting to disgrace him, or show a disposi-

---

1. 58–37–8(1)(a)(ii), U.C.A.1953, as amended.

2. *Brown v. State*, Okl.Cr., 506 P.2d 617 (1973); see Rule 55, Utah Rules of Evidence; *State v. Mason*, Utah, 530 P.2d 795; *State v. Manrique*, 271 Or. 201, 531 P.2d 239 (1975).

tion to commit crime.[3] On the other hand, if evidence serves some legitimate purpose as to proof of the crime, or in bearing on the credibility of evidence, the fact that it may show the commission of another crime will not render it inadmissible.[4]

 Although it is true that one accused of crime is clothed with a number of protections;[5] including the right to rely on his presumption of innocence and thus put the burden upon the prosecution to prove every element of the offense charged beyond a reasonable doubt, and the right not to give evidence against himself, if he chooses to waive the latter right, and offers himself as a witness, he then becomes subject to being treated the same as any other witness.[6] This includes cross-examination on any matter which would tend to contradict, explain or cast doubt upon the credibility of his testimony.[7] Furthermore, any testimony or evidence which is purposed to those same objectives may be introduced in rebuttal.[8]

 In analyzing the defendant's contention of error in the light of those rules, it will be seen that the testimony of Ms. Giersz, of which the defendant complains, was in legitimate refutation of his statements wherein he denied ever having sold drugs, or of having seen her after August 1st, and his statement that he had not left his home from the evening of August 1 until after August 3. The trial court therefore properly overruled his objection and no error was committed.

Affirmed. No costs awarded.

ELLETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.

**3.** *State v. Mason*, Utah, footnote 2 above.

**4.** *State v. Dickson*, 12 Utah 2d 8, 361 P.2d 412 (1961).

**5.** For an excellent and concise statement of those rights, see Utah Const., Art. I, Sec. 12; see also 77–31–4, U.C.A.1953, as amended.

**6.** 77–44–5, U.C.A.1953, as amended; *State v. Adams*, 26 Utah 2d 377, 489 P.2d 1191 (1971).

**7.** *State v. Hansen*, 22 Utah 2d 63, 448 P.2d 720 (1968); *State v. Mora*, Utah, 558 P.2d 1335 (1977).

**8.** *State v. DuPont*, 14 Wash.App. 22, 538 P.2d 823 (1975); *State v. Burnett*, 221 Kan. 40, 558 P.2d 1087 (1976).