STATE of Utah, Plaintiff and Appellee,

v.

Michael SQUIRE, Defendant
and Appellant.

No. 930746–CA.

Court of Appeals of Utah.

Dec. 22, 1994.

Andrew B. Berry, Jr. (Argued), Moroni, for appellant.

Thomas B. Brunker (Argued), Asst. Atty. Gen., Jan Graham, State Atty. Gen., Salt Lake City, for appellee.

Before BENCH, JACKSON and WILKINS, JJ.

BENCH, Judge:

Defendant appeals his conviction for the third degree felony of distributing a controlled substance in violation of Utah Code Ann. § 58–37–8(1)(a)(ii) (1994). Defendant raises two issues on appeal: (1) whether the trial court erred by permitting into evidence defendant's prior misdemeanor conviction of attempted distribution of a controlled substance; and (2) whether the trial court erred in refusing to give the jury defendant's proposed jury instructions. We affirm.

## FACTS

Brian Barson, an undercover drug agent working for a local narcotics officer, attended a party in Manti at which defendant was present. During a conversation about drugs, defendant informed Barson that he could provide Barson a quarter of an ounce of marijuana for fifty dollars. Barson agreed

and made arrangements to meet defendant to purchase the marijuana. Barson later gave defendant fifty dollars and defendant traveled to Salt Lake City where he obtained the marijuana. On his return to Manti, defendant gave Barson the marijuana. Defendant was subsequently charged with distributing a controlled substance.

At trial, defendant claimed that he had been entrapped. During direct examination, defendant's attorney asked whether defendant had sold marijuana before or after his sale to Barson. Defendant replied that he had not. Defendant also volunteered that he was undergoing urinalysis tests, which proved that he was not a drug user. On cross-examination, over the objection of the defense, the State asked why defendant was being tested for drug use. Defendant stated that he was on probation. The State also asked whether defendant was a drug dealer. Defendant said that he was not. The State then introduced into evidence defendant's prior misdemeanor conviction for attempted distribution of a controlled substance.

Defendant requested that the trial court instruct the jury that if there was reasonable doubt whether defendant sold the marijuana based on his own initiative and desire rather than police inducements and persuasion, then defendant must be found not guilty. Instead, the trial court submitted to the jury an instruction that tracked the language of the entrapment statute. *See* Utah Code Ann. § 76–2–303(1), (3) (1990).

Defendant was convicted as charged, and he now appeals.

## ANALYSIS

### Cross-examination of Defendant

Defendant claims that the trial court improperly allowed the State, during cross-examination, to question him about his prior misdemeanor conviction for attempted distribution of a controlled substance. Defendant argues that the entrapment statute prohibits the State from ever inquiring about defendant's prior conviction.[1] We disagree.

■ The trial court's decision to allow the State to question defendant and introduce evidence concerning his prior conviction is a question of admissibility of evidence. "[A] trial court's decision regarding admissibility of evidence is generally accorded 'a good deal of discretion' by an appellate court." *State v. Stevenson*, 884 P.2d 1287, 1290 (Utah App. 1994) (quoting *State v. Pena*, 869 P.2d 932, 938 (Utah 1994)).

■ The entrapment statute is not a complete bar to admitting evidence of prior misdemeanor convictions. *State v. Hansen*, 588 P.2d 164, 167 (Utah 1978) (holding that entrapment defense "cannot be invoked to thwart the processes of justice by preventing the presentation of any competent evidence to meet any material issue raised in the case.") The State is entitled to impeach and attack defendant's testimony when it is untruthful, misleading, or inaccurate. *State v. Green*, 578 P.2d 512, 514 (Utah 1978) (holding that if defendant "offers himself as a witness, he then becomes subject to being treated the same as any other witness. This includes cross-examination on any matter which would tend to contradict, explain or cast doubt upon the credibility of his testimony.") Thus, although the entrapment statute precludes the State from bringing up a defendant's prior misdemeanor conviction, it was admitted in the present case after defendant introduced the issue into the trial. The entrapment statute does not bar the State from introducing evidence of a defendant's prior convictions either to rebut the evidence raised by a defendant or to impeach a defendant's credibility. *Id.* Therefore, when defendant, on direct examination, denied ever having been a drug dealer or presently using drugs, the State was allowed to question defendant about his prior conviction for attempted distribution of a controlled substance. Defendant opened the door for the State to impeach defendant's credibility and

---

1. The entrapment statute provides in part:

    In any hearing before a judge or jury where the defense of entrapment is an issue, past offenses of the defendant shall not be admitted except that in a trial where the defendant testifies he may be asked of his past convictions for felonies and any testimony given by the defendant at a hearing on entrapment may be used to impeach his testimony at trial.

    Utah Code Ann. § 76–2–303(6) (1990).

to rebut his evidence. *See State v. Reed,* 820 P.2d 479, 481 (Utah App.1991) (holding that "Utah courts have consistently held that impeachment evidence is admissible if it goes to credibility, even though it introduces evidence which would be otherwise inadmissible.")

Thus, the trial court did not err in permitting the State to present evidence about defendant's prior misdemeanor conviction of attempted distribution of a controlled substance.

### Jury Instruction

Defendant claims that the trial court erred by refusing to give to the jury defendant's proposed instructions on entrapment. We disagree. A trial court has the duty to instruct the jury on the law applicable to the facts of the case. *State v. Potter,* 627 P.2d 75, 78 (Utah 1981). Defendants have the right to have their "theory of the case presented to the jury in a clear and understandable way." *Id.* However, the trial court does not err by refusing "a proposed instruction if the point is properly covered in the other instructions." *State v. Hamilton,* 827 P.2d 232, 238 (Utah 1992) (quoting *State v. Sessions,* 645 P.2d 643, 645 (Utah 1982)). A trial court's refusal to give defendant's jury instruction is a question of law, which we review for correctness. *Id.*

The language of the instruction given by the trial court to the jury directly tracks the statute establishing the entrapment defense. *See* Utah Code Ann. § 76–2–303(1), (3) (1990). The Utah Supreme Court "has approved giving the statutory definition of entrapment to the jury." *State v. Cripps,* 692 P.2d 747, 748 (Utah 1984). Defendant cannot claim that he was prejudiced by a jury instruction that tracks the very statutory language under which he asserted his defense. We therefore hold that the trial court did not err by refusing to give to the jury defendant's proposed instructions.

### CONCLUSION

The trial court did not err by allowing the State to cross-examine defendant about his previous drug-related conviction because he opened the door to such examination by volunteering that he had undergone urinalysis drug screening and that he was not a drug dealer. Moreover, the trial court did not err in refusing to give to the jury defendant's proposed jury instructions because the instructions given to the jury directly tracked the language of the entrapment statute under which defendant was asserting his defense.

Affirmed.

JACKSON and WILKINS, JJ., concur.