459 P.2d 210

The STATE of Utah, Plaintiff and Respondent,

v.

George Franklin HARLESS, Defendant and Appellant.

No. 11490.

Supreme Court of Utah.

Sept. 19, 1969.

Hatch, McRae & Richardson, Robert M. McRae and Sumner J. Hatch, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for respondent.

CROCKETT, Chief Justice:

Defendant appeals from his conviction by a jury of forcible rape. Sec. 76–53–15 (3), U.C.A.1953. He appeals on these grounds: (1) Insufficiency of the evidence to support the verdict; and (2) claim of error in admitting evidence of his previous felony convictions.

Upon our review of the record we assume the jury believed those aspects of the evidence which support their verdict.[1] The defendant Harless was at a tavern known as Campies at 9th South and State Street in Salt Lake City on the afternoon of April 9, 1968. After some conversation with acquaintances there, a phone call was made to have the victim, one M—— S——, come to the tavern to join them and to meet the defendant. She arrived there about 7:00 p. m. About 9:00 p. m. it was decided that they would go to another night club, known as the Salt Laker, at 30th South and Redwood Road in Salt Lake County. Defendant and M—— drove there in the defendant's car where they stayed for a half hour or so. They then left and drove westward out into the county, where the defendant pulled the car off the road and, according to her testimony, proceeded to strike and assault her and accomplished the forcible rape. After this had occurred the defendant drove her home. She told her parents who immediately took her to a hospital. A physician's examination indicated that intercourse had taken place recently; and he found evidence of dried blood on her face, which was also swollen and bruised. Officers who responded to the call, after talking to M—— at the hospital, went out and apprehended the defendant. They observed bloodstains in the back seat of his car and found the victim's girdle and one stocking.

In contending that the evidence is insufficient to convict him of forcible rape the defendant does not deny the act of intercourse, but claims it was with consent. The gravamen of his argument is that the account of the physical altercation which occurred in the car as described by the victim, and which included while "he was hitting with one hand and holding with the other, * * * took off * * * [numerous articles of clothing] * * * without tearing or damaging any of them * * *" and amid such violence and in such restrictions of space, "* * * even according to her testimony, was not only inherently improbable but is physically impossible."

We think it unnecessary to embroider this opinion with further unseemly details

---

1. See State v. Peterson, 110 Utah 413, 174 P.2d 843, 845; State v. Shomka, 3 Utah 2d 124, 279 P.2d 711 and cases therein cited.

of a "blow-by-blow" account of this affair. When we consider the predilection of the human mind to rationalize in self-interest it is not difficult to appreciate that from the defendant's later and calmer reflection upon this violent occurrence the story as told by the victim failed to reconcile with what he regards as reason. However, it is apparent that neither the victim, nor the jury, saw the facts in the same light as does the defendant. It is sufficient for us to say, as we are often called upon to do by disappointed litigants who disagree with the findings of the jury, that it is their exclusive prerogative to judge the credibility of the evidence and to determine the facts; and we do not regard the evidence given and the verdict rendered as being so inherently improbable that no reasonable minds could so believe, in which event we do not disturb them.[2]

■ Defendant's argument on his second point is that asking him if he had been convicted of felony, and his necessary answer that he had (fictitious checks, and auto theft in violation of the Dyer Act), so prejudiced his cause in the eyes of the jury that he did not have a fair trial. That this type of interrogation is generally allowed derives from the idea that there is a basis in reason and experience why one may place more credence in the testimony of one who has lived within the rules of society and the discipline of the law than in that of one who has so demonstrated antisocial tendency as to be involved in and convicted of serious crime.[3] This rule is sometimes criticized as unfair to the accused on the ground that he has but the Hobson's choice of unfavorable alternatives: either not to take the stand [4] and thus lose whatever benefit that might have, or take it and have his felony record exposed, in which event he risks the likelihood that the jury may convict him because of his prior misdeeds rather than upon the evidence as to the instant charge.[5] The countervailing consideration is that it hardly seems fair to suppress such facts and let him testify with the same credit as one who has led a more blameless life.[6] The exposure of the felony record of an accused of course does not mean that his testimony is necessarily to be entirely disbelieved or discredited but inasmuch as it

2. Ibid.
3. See McCormick, Handbook on Evidence, § 43 (1954 ed.), where the common law prohibition against convicted felons testifying at all is discussed in comparison to the modern statutory rules allowing convicted felons to testify subject to impeachment of credibility.

4. 3 Wigmore, Evidence, sec. 922, at 449 (3d ed.).
5. See State v. Hougensen, 91 Utah 351, 365, 64 P.2d 229, 236 (decided under a prior and somewhat different statute).
6. See United States v. Waldon, 114 F.2d 982, 984 (7th Cir. 1941) ; see also Anno., 161 A.L.R. 233.

is the responsibility of the jury to judge the credibility of the witnesses, it is deemed to be something which they are entitled to know so they can take it into consideration with all the other facts and circumstances in determining what they will believe.[7]

We have but recently had occasion to treat a similar problem in State v. Hansen [8] wherein we concluded as we have here and pointed out that the doctrine just discussed has been incorporated into our statutory law: Sec. 77–44–5, U.C.A.1953: "If a defendant offers himself as a witness, he may be cross-examined by the counsel for the state the same as any other witness. * * *"; and Sec. 78–24–9, U.C.A.1953: "A witness must answer questions legal and pertinent to the matter in issue, * * * [including] a witness must answer as to the fact of his previous conviction of felony."

Affirmed. No costs awarded.

CALLISTER, ELLETT, and TUCK-ETT, JJ., and MARCELLUS K. SNOW, District Judge, concur.

HENRIOD, Jr., not participating.

7. See Anno., 6 A.L.R. 1608, 1609. See also 3 Wharton, Criminal Evidence, Sec. 934 (12th ed.).

8. 22 Utah 2d 63, 448 P.2d 720 (1968), and see authorities therein cited.