501 P.2d 1206

The STATE of Utah, Plaintiff and Respondent,

v.

Samuel Lee SIMMONS, Defendant and Appellant.

No. 12755.

Supreme Court of Utah.

Oct. 16, 1972.

F. John Hill, of Salt Lake Legal Defender Ass'n, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young and David R. Irvine, Asst. Attys. Gen., Salt Lake City, for respondent.

12. Also see State v. Meyers, 21 Utah 2d 110, 113, 441 P.2d 510 (1968).

**302**

HENRIOD, Justice.

Appeal from a grand larceny jury trial conviction. Affirmed.

Simmons says the court erred 1) in requiring him to answer ·questions about a previous felony conviction not involving dishonesty or false statement, and 2) in allowing the prosecutor to question him about another felony conviction where there was no evidence thereof.

■ As to 1): Where an accused testifies he may be cross-examined as any other witness (Title 77–44–5, Utah Code Annotated 1953), and any other witness under 78–24–9, U.C.A.1953, "must answer as to the fact of his previous conviction of felony." State v. Harless, 23 Utah 2d 128, 459 P.2d 210 (1969), discusses both statutes, does not confine the rule to but one felony, as was suggested by this writer in State v. Kazda, 14 Utah 2d 266, 382 P.2d 407 (1963), —so Harless is dispositive here along with the Kazda case.

■ As to 2): The so-called "felony" inquired into turned out to be a misdemeanor, on cross-examination. This fact was pointed out and corrected by the court, after having been volunteered by the defendant. We see no prejudicial error under such circumstances.

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.