**STATE of Utah, Plaintiff and Respondent,**

v.

**Edward Lane CORNISH and Benny Claude Hutcheson, Defendants and Appellant.**

**No. 15390.**

Supreme Court of Utah.

May 30, 1978.

Stephen R. McCaughey, Salt Lake City, for defendants and appellant.

Robert B. Hansen, Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appellant, with a co-defendant, Edward Lane Cornish, was charged with attempted criminal homicide in violation of 76–4–101, U.C.A. Defendants were tried jointly before a jury. On August 24, 1977, defendant Hutcheson was found guilty of attempted criminal homicide, and co-defendant Cornish was acquitted. We affirm.

7. The axiom is facit per alium facit per se. Cited in 35 C.J.S. 489.

In his review of the record counsel for appellant found no grounds for appeal. Our review of the record brings us to the same conclusion. Counsel did point out the only point which could be arguable, viz., the court's instruction on reasonable doubt, as it related to the defense of self-defense. The instruction told the jury they *should find defendant not guilty*, if they entertained a reasonable doubt—the proper phrase is *must find defendant not guilty* if a reasonable doubt is entertained.

We review such alleged error with 77–42–1, U.C.A.1953, in view. Thus, a verdict is not disturbed, unless review of the record discloses error of sufficient gravity to indicate substantial prejudice to defendants' rights. A reasonable probability of a more favorable result, for defendant, in the absence of such error, must exist.[1]

Here, the evidence adduced was of such force as to submerge the defense of self-defense, and render the error harmless.

Counsel having filed his *Anders* brief,[2] and given notice to appellant; we grant his request to withdraw.

---

1. *State v. Gaxiola*, 550 P.2d 1298 (1976).

2. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).