The STATE of Utah, Plaintiff and Respondent,

v.

Keith MONTAGUE, Defendant and Appellant.

No. 17834.

Supreme Court of Utah.

Sept. 30, 1983.

---

Connie L. Mower, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant Keith Montague appeals from his conviction for burglary, theft and being a habitual criminal. He seeks to have the habitual criminal conviction vacated and to have the burglary and theft convictions remanded for a new trial.

On March 9, 1981 a neighbor to a married couple saw the defendant enter their apartment by removing a screen from a window and then leave the apartment (through the doorway) carrying clothes and other articles. That afternoon a deputy sheriff observed the defendant wearing a suit which had been taken from the apartment; and, on the day he was arrested, the defendant wore a watch identical to one stolen from the apartment.

In addition to theft and burglary the defendant was charged with being a habitual criminal because he had been convicted of and sentenced for burglary in the Second District Court for Weber County on October 12, 1976, and had also been convicted of and sentenced for burglary in the Third District Court for Salt Lake County on October 26, 1976. The sentences for these prior felony convictions were consecutive and, on April 6, 1978 the defendant was paroled on both convictions from the Utah State Prison.

Prior to trial, defendant's motion to dismiss the habitual criminal charge was denied. During trial of the burglary and theft charges, on a motion in limine to bar the prosecution from questioning the defendant on cross-examination about his felony record, the court ruled that the prosecution would be restricted to asking the defendant whether he had a felony record and if so, the year in which he had been convicted. In the habitual criminal phase of the trial, the defendant objected to the court's receipt of a commitment document which did not contain the signature of the judge but only his imprinted name and the certifying signature of the court clerk. The defendant also excepted to a jury instruction which specified the elements necessary to find the defendant a habitual criminal.

The defendant contends that the trial court erroneously (1) denied defendant's motion to dismiss the habitual criminal charges, (2) instructed the jury on the elements of being a habitual criminal, (3) denied defendant's motion to allow defendant to testify without being cross-examined on his previous felony convictions, and (4) admitted documentary evidence showing defendant's prior felony convictions.

I.

■ Our habitual criminal statute, U.C.A., 1953, § 76-8-1001 provides:

Any person who has been twice convicted, sentenced, and committed for felony offenses at least one of which offenses having been at least a felony of the second degree or a crime which, if committed within this state would have been a capital felony, felony of the first degree or felony of the second degree, and was

committed to any prison may, upon conviction of at least a felony of the second degree committed in this state, other than murder in the first or second degree, be determined as a habitual criminal and be imprisoned in the state prison for from five years to life.

The defendant acknowledges in his brief that he was twice convicted, sentenced and committed but he contends that the statute should be interpreted strictly in his favor because it is highly penal. He argues that because he had only served fourteen days on the first commitment when the second commitment began to run, he essentially served only one commitment for both previous felonies. Therefore, he asserts, to allow him only one opportunity to reform before attributing habitual criminal status to him is inconsistent with the intent of the statute. He claims that the fair import of the statutory language is that the two prior felonies to be used to establish habitual criminal status must have taken place sequentially with the commission of the second one (and its consequent conviction, sentencing and commitment) occurring after conviction of the first.

For support of his point, the defendant relies primarily upon *State v. Carlson,* Alaska, 560 P.2d 26 (1977) where the Alaska court vacated the judgment of a trial court in which habitual criminal status had been established based on the defendant's two prior felony convictions that had occurred on the same day. Even though the Alaska statute did not expressly require that each prior offense and conviction must follow in sequence in order to accumulate toward habitual criminal status, the Alaska court believed that "where ... two convictions occur on the same day, the opportunity for reformation is afforded to ... [the defendant] only once, not twice." *Id.* at 30. The court read into the statute a purpose to afford the defendant two chances to reform.

The position of the Alaska court represents what has been in the past, at least, the majority rule. See generally Annot., 24 A.L.R.2d 1247, 1249 (1952). However, a number of other courts have found in interpreting habitual criminal statutes that it was immaterial whether the second offense was committed after the first conviction or whether the second offense was committed sometime prior to the conviction on the first. *Gimmy v. People,* Colo., 645 P.2d 262 (1982); *Carr v. State,* 96 Nev. 936, 620 P.2d 869 (1980); *Washington v. State,* 273 Ark. 482, 621 S.W.2d 216 (1981); *State v. Bomar,* 209 Tenn. 406, 354 S.W.2d 243 (1962); *State v. Williams,* 226 La. 862, 77 So.2d 515 (1955); *Castle v. Gladden,* 201 Or. 353, 270 P.2d 675 (1954). Regardless of the statutory language, the difference in holdings of the courts appears to be based upon each one's determination of what is the underlying purpose of its habitual criminal statute. Where the purpose is determined to be reformation, as in Alaska, the courts impose the sequential requirement. Where the purpose is found to be to make persistent offenders subject to greater sanctions, courts place no importance on the timing of the prior offenses.

In *Washington v. State,* supra, at 218, the court, rejecting the defendant's argument, expressed why it had overruled a previous decision:

We decided that Arkansas's habitual criminal statute was not designed to act as a deterrent, as we had supposed ... but is simply a punitive statute, which provides in clear language that in an appropriate case, a prior conviction, regardless of the date of the crime, may be used to increase punishment.

In *State v. Williams,* supra, at 516, the court commented upon an argument similar to the one which defendant makes in the case before us. There the defendant argued that because increased sentences are imposed for a criminal's failure to rehabilitate himself, two or more prior contemporaneous offenses really amounted to only one. The court in rejecting that argument explained:

This argument might be effective if addressed to the lawmakers. But with respect to a judicial interpretation of the particular statute under consideration it

has no merit. The language of [the statute] is clear and unambiguous . . .

In our case the language of our statute is clear and unambiguous. Neither the phrase "twice convicted, sentenced and committed" nor any other part of the habitual criminal statute suggests that the legislature intended a particular sequence for prior crimes or enacted the statute as a reformatory tool. Rather, the fair import of the statutory language suggests that its purpose is to do exactly what it does—make persistent offenders subject to greater sanctions. Therefore, since the defendant acknowledges that he was twice convicted, sentenced and committed, we find no error by the trial court on this point.

## II.

■ Defendant maintains that jury instruction no. 6 misstated the language of § 78–8–1001 by adding the italicized conjunction "and" in paragraph 3 to the statutory definition of the crime.

## INSTRUCTION NO. 6

Before you can convict the defendant of the crime of being a habitual criminal . . . you must believe from all of the evidence and beyond a reasonable doubt each and every one of the following elements of that offense:

1. . . .
2. . . .
3. That said defendant was then and there a person who had been twice before convicted *and* sentenced and committed for felony offenses;
4. . . .
5. That said defendant was committed to prison for one or more of said prior felonies. [Emphasis added.]

While it is true that the statutory language does not contain the italicized "and," its addition in this instruction did nothing to change the meaning of the statute nor affect in any way the elements of the crime. Its addition was harmless.

■ The defendant also contends that paragraph 5 of the instruction, which re-

quired the defendant to have been committed to prison for one or more prior felonies, conflicted with paragraph 3 which required his commitment on two prior occasions. Admittedly, paragraph 5 is patently erroneous. However, a criminal conviction is not reversed because of an erroneous jury instruction unless the error is of such gravity that it could cause substantial prejudice to defendant's rights. A reasonable probability of a more favorable result for defendant in the absence of such error must exist. *State v. Cornish,* Utah, 580 P.2d 606 (1978). See also *State v. Wallen,* 114 Ariz. 355, 560 P.2d 1262 (1977); *Cortez v. State,* Okl., 415 P.2d 196 (1966). In view of the fact that the evidence was uncontroverted that the defendant had been committed to prison on both of his prior felony convictions, it is extremely doubtful that this error was in any way prejudicial to him. It is unlikely that he would have received a more favorable verdict from the jury in the absence of the error. Thus we conclude that there is insufficient ground for reversal on this point.

## III.

■ Defendant contends that it was error to permit limited inquiry on cross-examination of whether he had been convicted of prior felonies and the years of conviction. However, U.C.A., 1953, § 78–24–9 provides in pertinent part that "a witness must answer as to the fact of his previous conviction of felony." Our case law supports this rule. *State v. McCumber,* Utah, 622 P.2d 353 (1980); *State v. Bennett,* 30 Utah 2d 343, 517 P.2d 1029 (1973); *State v. Simmons,* 28 Utah 2d 301, 501 P.2d 1206 (1972); *State v. Harless,* 23 Utah 2d 128, 459 P.2d 210 (1969). Defendant acknowledges the rule but claims that it should not be applied in his case. Rather, he relies upon Rule 45(b) of the Utah Rules of Evidence which provides:

[T]he judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the rule that its admission will . . . create substantial dangers of undue prejudice or

of confusing the issues or of misleading the jury ...

Defendant argues that the evidence of prior convictions had insufficient probative value to outweigh its prejudicial effect and was too remote in time to have any probative value as to the issue of credibility. We find neither claim to be meritorious. The defendant offers nothing which convinces us of the remoteness of his 1978 convictions; and, insofar as a prejudicial effect was possible, we see no reason to invalidate application of an otherwise well-established rule that allows probing a defendant's credibility. The trial court exercised his discretion by ordering a limited inquiry on cross-examination. The narrowness of his order allowed the jury to assess the defendant's credibility without unduly prejudicing him. Defendant elected to testify; and, in so doing, subjected himself to cross-examination just as any other witness does. We find no error on this point.

## IV.

Similarly, in the habitual criminal phase of trial, the trial court committed no error in admitting documents establishing one of the defendant's prior convictions on which documents the clerk of the court, acting within the scope of his authority, had affixed the imprint of the judge's signature. The clerk certified the documents as being true copies of the originals. *Salt Lake City v. Hanson*, 19 Utah 2d 32, 425 P.2d 773 (1967) and *Robinson v. Commonwealth*, 186 Va. 992, 45 S.E.2d 162 (1947). Under Rule 68(3) of the Utah Rules of Evidence the admission of the certified copies of the documents had the same effect as admission of the originals would have had. Further treatment of this issue is unnecessary and foreclosed by defendant's failure to submit to this Court the pertinent exhibits.

The convictions are affirmed.

HALL, C.J., and OAKS and DURHAM, JJ., concur.

STEWART, J., concurs in the result.