December 14, 2020

**Supreme Court**

No. 2019-7-C.A.
(P2/13-1819A)

State                               :

v.                               :

Matthew Jones.                               :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:    opinionanalyst@courts.ri.gov,    of    any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

State             :

v.             :

Matthew Jones.          :

Present:  Suttell, C.J., Goldberg, Flaherty, and Robinson, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  The defendant, Matthew Jones, appeals from a judgment of conviction following a jury verdict of guilty on two counts of felony assault, in violation of G.L. 1956 § 11-5-2(a).  On appeal, the defendant contends that the trial justice abused his discretion by permitting the state to impeach the defendant with a prior felony assault conviction.  The parties appeared before this Court on October 28, 2020, pursuant to an order directing them to show cause why the issues raised in this appeal should not be summarily decided.  We are satisfied that cause has not been shown and that the appeal may be decided at this time.  For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

## Facts and Travel

On June 27, 2013, defendant was charged with two counts of felony assault with a dangerous weapon upon Josef Tallo (Count 1) and Fatima P. DaSilva (Count 2). The incident giving rise to the criminal information took place on March 4, 2013, when an altercation erupted between defendant and his neighbors.

On April 6, 2017, defendant's first jury trial ended in a mistrial after a hung jury. Thereafter, on May 22, 2018, defendant's second criminal jury trial began before a different trial justice. Before jury selection, the trial justice addressed pretrial motions. He indicated that the first trial had resulted in a hung jury and that certain rulings had been made on pretrial motions and motions midtrial. From the outset, the trial justice made clear that he would "not be trapped by the law of the case doctrine" because he had before him an expanded record and was confident that he could draw his own conclusions about evidentiary matters. He acknowledged that defendant's motion to exclude prior convictions was something he needed to address. Counsel for the state informed the trial justice that the first trial justice "allowed four of the convictions in." Having satisfied himself, based on counsel's representations, that an immediate ruling would not impact proceeding with the trial, the trial justice elected to reserve on the motion so that he could study the convictions "more carefully."

During the first day of trial, and outside the presence of the jury, the trial justice heard defendant's motion to exclude his prior convictions. Defense counsel argued that, because defendant intended to testify, "the jury hearing any evidence of any convictions in his past would be enormously prejudicial * * *." She indicated particular concern regarding two convictions from 1996 and 1997, one of which was a felony assault crime, and noted that it was a "22-year-old case * * * that would be incredibly prejudicial" to defendant. Defense counsel acknowledged that, in the interim between the first and second trials, defendant had been convicted of yet another felony offense. Nonetheless, she argued that there was nothing erroneous about the first trial justice's ruling that would change which convictions should be admissible in the second trial.

The state objected, and argued that the most recent conviction was relevant to the trial justice's analysis of whether the prior convictions were admissible for impeachment purposes because the prior ruling was made without "the benefit of knowing that the defendant was having yet another transgression with the law * * *." The state noted that, if defendant testified, the jury would be tasked with assessing his credibility and "the jury should be able to consider whether or not a person who has previously broken the law may have such disrespect for the law as to render him or her unwilling to abide by the oath requiring truthfulness while testifying."

The trial justice once again noted that he was not "hamstrung" by the law of the case doctrine due to the expanded record, which included defendant's conviction after the first trial for a "controlled substances distribution" felony. He noted that defendant's criminal record evidenced a "continuing period of misconduct[,]" and that prior convictions are not inadmissible simply because they may be similar to the offense for which a defendant is currently on trial. The trial justice ultimately concluded that the jury's credibility assessments should be guided by "as much information as possible" and that, pursuant to Rule 609 of the Rhode Island Rules of Evidence, the probative value of allowing the state to use defendant's prior convictions for impeachment purposes outweighed the prejudicial effect. Accordingly, the trial justice ruled that defendant's convictions from 1995 forward were admissible, "[w]ith some exceptions * * *." Specifically, he directed that a 1996 Massachusetts conviction for armed assault with intent to kill must be referred to only as a felony assault, and ordered inadmissible two convictions for possession of marijuana from 2007 and 2008, a 2007 trespass infraction, and a 2013 vandalism or malicious destruction of property conviction.

The trial testimony revealed that defendant lived at 216 Grove Street, Woonsocket, Rhode Island, with his girlfriend, Sarah Ceesay. The couple socialized with their neighbors occasionally, including Tallo, DaSilva, Araina Benshidah, and Raymond Johnson. At some point on March 4, 2013, a dispute

arose as to whether defendant had punched Benshidah while she was in his apartment. As a result, Tallo and DaSilva, along with Benshidah and Johnson, approached defendant's apartment building and rang the doorbell multiple times.

Ceesay proceeded downstairs to answer the door. She testified that Tallo and DaSilva were at the door, and Benshidah and Johnson were standing approximately three to four feet behind them. DaSilva began asking Ceesay what happened earlier and why Benshidah had been struck. At that point, Ceesay testified, she turned around and looked up and saw defendant standing on the stairway with a golf club in his hands. The defendant proceeded to hit Tallo over the head with the golf club; Tallo fell to the ground outside the doorway. The defendant then turned to DaSilva and asked her whether she "want[ed] some, too[,]" before defendant struck her in the head with the golf club. Tallo suffered serious injuries.

The defendant testified on his own behalf at trial, and he gave a markedly different version of the events. According to defendant, when Ceesay went downstairs to answer the doorbell, DaSilva, Johnson, and Benshidah aggressively "busted through the door" and began yelling and screaming at defendant. He testified that the neighbors' family dog—a pit bull mix named Princess—"came up the stairs and jumped and bit [his] face." That caused him to lose his footing, and, with Princess biting his leg, Tallo, Johnson, DaSilva, and Benshidah began

choking, hitting, and punching him. According to defendant, as Princess dragged him down the stairs, he was able to grab a golf club and began "swinging down at the dog[.]" He acknowledged that he did, in fact, hit Tallo and DaSilva with the golf club, but he testified that he never intended to do so and acted only to defend himself.

On cross-examination, defendant conceded that he had been convicted of various criminal charges, including multiple charges for distribution of a controlled substance, "two counts of assault and battery and intimidation of a witness," and felony assault. The trial justice immediately instructed the jury that "the admissibility of a defendant's * * * prior criminal record is limited for the sole purpose, to the extent that you decide to consider it, in assessing that witness's credibility, and for no other reason."

The jury found defendant guilty on both counts of assault with a dangerous weapon. The trial justice sentenced defendant to concurrent terms at the Adult Correctional Institutions: twenty years, with fifteen years to serve and the balance suspended, with probation, on Count 1; and ten years, with five years to serve and the balance suspended, with probation, on Count 2. The defendant was also required, while incarcerated and upon release from the ACI, to engage in counseling and anger-management courses.

## Standard of Review

"This Court reviews evidentiary rulings under an abuse of discretion standard." *State v. Whitfield*, 93 A.3d 1011, 1016 (R.I. 2014). "A trial justice 'has broad discretion in deciding whether or not to admit evidence of prior convictions under Rule 609.'" *Id.* (quoting *State v. Tetreault*, 31 A.3d 777, 782 (R.I. 2011)). Accordingly, "[t]his Court will not disturb a trial justice's finding regarding the admissibility of prior conviction evidence for impeachment purposes unless our review of the record reveals an abuse of discretion on the part of the trial justice that prejudices the complaining party." *Id.* at 1016-17 (quoting *Tetreault*, 31 A.3d at 782).

## Analysis

On appeal, defendant raises a single claim: that the second trial justice abused his discretion by deviating from the law of the case doctrine and allowing the 1996 felony assault conviction to be introduced for impeachment purposes, because the first trial justice gave a well-reasoned decision for excluding the conviction and the conviction had little probative value but "invited the jury to infer that [defendant] had a 'propensity' for violence * * *." The defendant contends that the introduction of the 1996 felony assault conviction in his second trial was "the very thing that caused the second jury to render the erroneous verdict that it did."

We first address defendant's argument that the law of the case doctrine mandated the suppression of defendant's 1996 felony assault conviction. We reject this contention. "The law of the case doctrine provides that, 'after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical manner, should refrain from disturbing the first ruling.'" *Lynch v. Spirit Rent-A Car, Inc.*, 965 A.2d 417, 424 (R.I. 2009) (quoting *Chavers v. Fleet Bank (RI), N.A.*, 844 A.2d 666, 677 (R.I. 2004)). However, the law of the case doctrine "is a flexible rule that may be disregarded when a subsequent ruling can be based on an expanded record." *Id.* (quoting *Chavers*, 844 A.2d at 677). This is especially true as it relates to evidentiary rulings at trial. Indeed, this Court has noted that the law of the case doctrine does not "bar [a] second trial justice from considering the admissibility of * * * evidence in the context of [a] new trial." *Malinowski v. United Parcel Service, Inc.*, 792 A.2d 50, 54 n.4 (R.I. 2002).

Here, the second trial justice was passing on the admissibility of the 1996 felony assault conviction, faced with an enhanced criminal record and in the context of a new trial. After defendant's first trial resulted in a mistrial, his criminal record expanded when he "was convicted of a new controlled substances distribution" felony. The trial justice was confronted with an expanded record upon which to consider the admissibility of the 1996 felony assault conviction in

light of defendant's demonstrated continued lack of respect for the law. Thus, the law of the case doctrine did not control his decision, nor did he err when he departed from the first trial justice's ruling regarding the admissibility of the 1996 felony assault conviction.[1]

Because we conclude that the second trial justice's ruling admitting the 1996 felony assault conviction was proper, we decline to vacate the judgment on law of the case grounds. *See Chavers*, 844 A.2d at 677 n.10 (noting that "it is difficult to conceive a situation in which the law of the case doctrine will require reversal of a subsequent correct ruling"). "Rule 609 of the Rhode Island Rules of Evidence permits the admission of a witness's prior conviction to attack that witness's credibility unless the court determines that the prejudicial effect of the conviction substantially outweighs its probative value." *Whitfield*, 93 A.3d at 1017 (quoting *State v. McRae*, 31 A.3d 785, 791 (R.I. 2011)). "In making a determination under Rule 609, a trial justice must consider the remoteness of the conviction, the nature of the crime, and the defendant's disdain for the law as reflected by his or her criminal record." *Id.* (quoting *Tetreault*, 31 A.3d at 784). Unlike its federal counterpart, Rule 609 of the Rhode Island Rules of Evidence is more expansive

---

[1] We are mindful that a discretionary evidentiary ruling made pursuant to the Rules of Evidence at trial is distinguishable from a ruling on the admissibility of constitutionally challenged evidence. Here, the second trial justice departed from the first trial justice's evidentiary ruling pursuant to Rule 609 of the Rhode Island Rules of Evidence.

and does not limit the types of prior criminal convictions that may be admitted to impeach a witness because "the jury should be able to consider whether or not a person who has previously broken the law may have such disrespect for the law as to render him or her unwilling to abide by the oath requiring truthfulness while testifying." *Id.* (quoting *State v. Remy*, 910 A.2d 793, 798 (R.I. 2006)).

Here, the second trial justice carefully considered defendant's prior convictions and determined that there was a continuing period of criminal misconduct and disregard for the law spanning more than two decades. In light of defendant's long and continuous record of criminal behavior, he concluded that the jury was entitled to consider the 1996 assault conviction in evaluating defendant's credibility. Notably, however, the trial justice expurgated the ruling by requiring the state to refer to the conviction as "felony" assault—rather than assault "with intent to kill"—and providing the jury with a limiting instruction.

Given defendant's lengthy criminal record and the probative value of the prior convictions relative to his credibility as a witness, we decline to disturb the second trial justice's decision to admit the 1996 felony assault conviction. The defendant's criminal record included twelve prior convictions spanning two decades. The trial justice acted within his broad discretion by allowing the state to impeach defendant's credibility with the 1996 felony assault conviction. *See State v. McWilliams*, 47 A.3d 251, 262-63 (R.I. 2012) (upholding the admission of a

twenty-five-year-old conviction where the defendant's prior criminal record consisted of eight convictions spanning approximately twenty-five years); *State v. Mattatall*, 603 A.2d 1098, 1118, 1119 (R.I. 1992) (upholding the admission of a ten-year-old felony conviction where the defendant's prior criminal record consisted of nine convictions spanning approximately twenty years).

Moreover, while the 1996 conviction was a felony assault charge—the same crime for which the defendant was on trial—this Court repeatedly has declared "that the similarity of the prior offenses does not render them *per se* inadmissible for the purpose of impeaching a testifying defendant's character for truthfulness." *Whitfield*, 93 A.3d at 1018. Accordingly, under these circumstances, the trial justice did not abuse his discretion by allowing the state to impeach the defendant's credibility with the 1996 felony assault conviction.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of conviction. The papers in this case may be returned to the Superior Court.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | State v. Matthew Jones. |
| **Case Number** | No. 2019-7-C.A. (P2/13-1819A) |
| **Date Opinion Filed** | December 14, 2020 |
| **Justices** | Suttell, C.J. Goldberg, Flaherty, and Robinson, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Robert D. Krause |
| **Attorney(s) on Appeal** | For State: <br><br> Virginia M. McGinn <br> Department of Attorney General <br><br> For Defendant: <br><br> Angela M. Yingling <br> Office of the Public Defender |